UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUFFIN STOKES** | **CIVIL ACTION NO. 6:09-1451** |
| **VS.** | **SECTION P** |
| **BOFILL DUHE, ET AL.** | **JUDGE HAIK** |
| | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Ruffin Stokes, proceeding *in forma pauperis*, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on August 12, 2009. Plaintiff is a pre-trial detainee in the custody of the Sheriff of Iberia Parish.  He is incarcerated at the Iberia Parish Jail (IPJ) and is awaiting trial on armed robbery charges which are pending in the Sixteenth Judicial District Court.  He complains that his right to a speedy trial has been violated and that he has been threatened by a corrections officer.

Plaintiff sued Sixteenth Judicial District District Attorney Phil Haney, Assistant District Attorney Bofill Duhe, Iberia Parish Sheriff Louis Ackal, IPJ Warden Frank Ellis and Corrections Officers Evelyn Bashay, Romero, and Brown.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

2

### *Background*

Plaintiff alleges that he has been charged with armed robbery, and that he has been incarcerated awaiting trial on that charge since December 26, 2006. Plaintiff's requests for a preliminary hearing and a speedy trial have allegedly been ignored by defendants Haney and Duhe. Moreover, according to plaintiff, the Court has refused to hear his preliminary motions. In addition, plaintiff maintains that Duhe intends for plaintiff to suffer emotional distress because plaintiff refused to accept Duhe's harsh plea offer.

Plaintiff further alleges that on January 7, 2009, Corrections Officer Bashay, the mother of the victim of the alleged offense, started working at the IPJ. According to plaintiff, she has taunted him and threatened to make his time in IPJ "real hard" and has even threatened to have plaintiff's fellow inmates attack him. She has also allegedly threatened to have the property officers at the jail – Corrections Officers Romero and Brown – withhold plaintiff's mail. He therefore asserts that Ms. Bashay should be "removed" from working at the IPJ because plaintiff is incarcerated at the facility.

Plaintiff prays only for "the relief that will suit the public."

### *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if it is

3

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

In his Complaint and Supplemental Complaint, plaintiff has set forth specific facts which he claims entitles him to relief; he has pleaded his best case and further amendment would serve no useful purpose. Those facts have been accepted as true for the purposes of this Report. Nevertheless, plaintiff's claims are subject to dismissal for the reasons that follow.

*2. Speedy Trial Issues*

Plaintiff implies that his Sixth Amendment right to a speedy trial has been, and continues to be, violated by defendants Haney and Duhe. He further implies that this Sixth Amendment violation should result in his release from confinement, and, possibly, the dismissal of the pending charges. However, the relief he seeks is not available in a

4

civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody." (citations omitted)); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). *See also Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (noting that speedy trial claims are properly raised by petition for *habeas corpus* relief); *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976) (same).

Therefore, plaintiff's speedy trial claims against defendants Haney and Duhe are subject to dismissal for failing to state a claim for which relief can be granted pursuant to §1983.[1]

---

[1] The undersigned is reluctant to construe plaintiff's speedy trial claim as a *habeas corpus* proceeding. Plaintiff may file such a proceeding pursuant to the provisions of 28 U.S.C. § 2241. A pre-trial detainee's suit challenging incarceration on speedy trial grounds should be brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) *citing Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982). However, federal law requires state prisoners who attack their confinement in federal court to exhaust available state court remedies prior to filing suit.. With regard to *habeas* petitions filed under 28 U.S.C. § 2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires detainees seeking such relief pursuant to § 2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

The undersigned notes that Louisiana provides remedies to pre-trial detainees who wish to contest the legality of their custody. See La. C.Cr.P. arts. 351 *et seq*. Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. *See* La. C.Cr.P. art. 701. Before plaintiff may seek federal *habeas* relief, he must first avail himself of these or any other available remedies provided by the State. According to petitioner, he has filed a request for a speedy trial, which has been ignored by the District Court. However, in order to satisfy the exhaustion requirement, the petitioner must have provided <u>all</u> state courts that could review the matter with a fair opportunity to review his *habeas corpus* claims before a federal court will review those claims. The Third Circuit Court of Appeals exercises supervisory jurisdiction over the Sixteenth Judicial District Court, and the Louisiana

5

*3. Threats – Officers Bashay, Romero, and Brown, Sheriff Ackal, and Warden Ellis*

Plaintiff also contends that Correctional Officer Bashay has continued to threaten him with harm. According to plaintiff, she previously advised him " that she will make certain that my time in this jail be real hard and that I'll suffer and that she will get inmates to jump on me." He claims that Bashay also informed him that "she will have the property room officers Ms. Romero and also Ms. Brown to hold my legal mail and tamper with it and I haven't been receiving my mail . . . ." Plaintiff implies that defendants Romero, Brown, Ackal, and Ellis are also liable for these threats.

In essence, plaintiff claims that he was verbally threatened by a corrections officer. Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983). Plaintiff's claim is therefore frivolous.

Plaintiff also alleges that Brashay has threatened to have Romero and Brown withhold his mail. To establish a constitutional violation based upon the interference with prisoner mail, the prisoner must state a cognizable claim either for denial of the right to free speech or an access to courts violation. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993); *cert. denied*, 510 U.S.---, 114 S.Ct. 1081, 127 L.Ed.2d 39 (1994); *Walker v.*

---

Supreme Court exercises supervisory jurisdiction over the Court of Appeals. Before proceeding in federal court on his speedy trial claim, plaintiff must raise his claims in a procedurally correct manner before those courts.

...

6

*Navarro County*, 4 F.3d 410, 413 (5th Cir. 1993). Other than his vague and conclusory allegations, plaintiff makes no claim that there has been any actual interference with his mail which in any way hindered his communication. Therefore, plaintiff has failed to state a claim for denial of free speech. Additionally, plaintiff fails to demonstrate he has suffered damage, an actual injury or prejudice in any non-frivolous legal proceeding. Thus, he has failed to set forth an access to courts violation. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998).

For these reasons;

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within**

fourteen (14) days following the date of its service, or within the time frame authorized by **Fed.R.Civ.P. 6(b)**, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 14th day of January, 2010.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE